UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THOMAS J. DILLON, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                                           Plaintiff,

-against-

VERIZON NEW YORK, INC.

                                           Defendant.
------------------------------------------------------------------X

**COMPLAINT**

**Docket No.: 15-CV-5517**

**Jury Trial Demanded**

      Plaintiff, Thomas J. Dillon ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C. and WIGDOR LLP, as and for his Complaint against VERIZON NEW YORK, INC. ("Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

     1.     This is a civil action for damages and equitable relief based upon Defendant's willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

     2.     Plaintiff, a non-exempt "Supervisor" in Defendant's Logistics Services Division ("Supervisor") since in or around 1993, brings the instant action because of Defendant's abject

1

failure to pay him his lawfully due wages pursuant to the FLSA, the NYLL, and the NYCCRR. Indeed, while employed as a Supervisor for Defendant, Plaintiff worked well over forty hours per week, often working over eighty hours in a given workweek. Defendant, however, intentionally misclassified Plaintiff as an exempt employee and, in doing so, completely failed to pay him for any hours that he worked in excess of forty in a given workweek at any rate of pay, let alone at his regular rate of pay or his overtime rate of pay. Additionally, Defendant failed to provide Plaintiff with proper, accurate wage statements on each payday as the NYLL requires.

3. Defendant paid and treated all of its Supervisors in its Logistics Services Division in this manner.

4. Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's willful violations of the FLSA. Plaintiff brings his claims under the NYLL and supporting regulations on behalf of himself, as well as on behalf of any FLSA Plaintiff who opts-in to this action.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.* The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7. At all relevant times, Plaintiff was a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

8. At all relevant times, Defendant was a New York corporation with its principal place of business located at 140 West Street, New York, New York 10007.

9. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, the NYLL, and the NYCCRR. Additionally, Defendant's qualifying annual business exceeds $500,000, and Defendant was engaged in interstate commerce within the meaning of the FLSA as it sold products and used supplies in the course of business that originated in states other than New York, and also as it operated a network of communication services that transverses state lines, the combination of which subjects Defendant to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendant's Supervisors, including Plaintiff and the FLSA Plaintiffs, were individually engaged in interstate commerce, as they all frequently worked with goods that have been, and continue to be, moved in interstate commerce. This independently subjects Defendant to the overtime regulations of the FLSA with respect to Plaintiff and the FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

10. Plaintiff seeks to bring this suit to recover from Defendant his full payment of overtime compensation and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, individually, as well as on behalf of those in the following collective:

> Current and former employees of Defendant who, during the applicable FLSA limitations period, performed any work for Defendant as Supervisors in its Logistics Services Division who give consent to file a claim to recover damages for overtime

compensation that is legally due to them for the time worked in excess of forty hours per week ("FLSA Plaintiffs").

11. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours during a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a workweek.

12. At all relevant times, Defendant was aware of the requirement to pay Plaintiff and FLSA Plaintiffs at an amount equal to one and one-half times their respective hourly rates of pay for all hours worked each workweek above forty, yet it purposefully chose not to do so.

13. Thus, Plaintiff and FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees overtime compensation for all hours worked over forty in a given workweek in violation of the FLSA.

## BACKGROUND FACTS

14. Defendant owns and operates a telecommunications network that provides telephone, internet and television services to its customers throughout New York State.

15. In or around 1986, Defendant hired Plaintiff as a craft employee.

16. In or around 1993, Defendant designated Plaintiff with the job that is now called Supervisor in Defendant's Logistics Services Division. Over the years, this job has had several titles including "Manager" and "Team Leader." During Plaintiff's employment as a Supervisor for Defendant, his home garage was located at 6360 Thompson Road, Syracuse, New York 13206. Defendant still employs Plaintiff in this capacity and his home garage is still situated at this same location.

17. Defendant placed severe restrictions on the job duties and responsibilities of its Supervisors. Indeed, despite being a so-called "Supervisor," Plaintiff in actuality had no managerial tasks, hiring or firing authority, or supervisory authority whatsoever.

18. Instead, as a Supervisor, Plaintiff was primarily tasked with: (1) following Defendant's strict guidelines with respect to the ordering and distributing of equipment; (2) traveling to Defendant's work centers to provide this equipment to Defendant's field technicians in accordance with Defendant's strict guidelines; and (3) reviewing and editing the equipment orders of Defendant's "storekeepers."

19. While a Supervisor, Plaintiff's schedule fluctuated from day-to-day. However, his regular schedule had him working Mondays through Fridays, generally from 6:30 a.m. until 7:00 p.m. Additionally, up until early 2015, Plaintiff worked at least four weekend days every month, generally working from 10:00 a.m. until 2:00 p.m. As such, during this time period, Plaintiff's regular schedule had him working an average of sixty-six and one-half hours per week. However, Defendant only paid Plaintiff for his first forty hours worked, failing to pay him at any rate of pay, let alone his regular rate of pay or his overtime rate of pay, for the extra approximately twenty-six and one- half overtime hours that he worked per week.

20. Starting in or around early 2015, Plaintiff's regular Monday-to-Friday schedule remained the same, and he still generally worked from 6:30 a.m. until 7:00 p.m. However, he stopped working on weekends starting at or around this time. As such, during this time period, Plaintiff's regular schedule generally had him working an average of sixty-two and one-half hours per week. Despite this fact, Defendant only paid Plaintiff for his first forty hours worked, failing to pay him at any rate of pay, let alone his regular rate of pay or his overtime rate of pay, for the extra approximately twenty-two and a half hours that he worked per week.

21. By way of example, during the week of June 24, 2012, to June 30, 2012, Plaintiff worked as follows: Sunday, 8 hours; Monday, 14 hours; Tuesday, 13 hours; Wednesday, 15 hours; Thursdays, 15 hours; Friday, 14 hours; and Saturday, 9 hours. Altogether, Plaintiff worked a total of eighty-eight hours during this week. Defendant, however, only paid Plaintiff at a rate that amounts to $42.30 per hour for the first forty hours that he worked, failing to pay him at any rate of pay, let alone his regular rate of pay or his overtime rate of pay, for any hours that he worked past forty.

22. During the week of June 16, 2013, to June 22, 2013, Plaintiff worked as follows: Sunday, 8 hours; Monday, 12 hours; Tuesday, 15 hours; Wednesday, 12 hours; Thursdays, 12 hours; Friday, 12 hours; and Saturday, 4 hours. Altogether, Plaintiff worked a total of seventy-five hours during this week. Defendant, however, only paid Plaintiff at a rate that amounts to $43.04 per hour for the first forty hours that he worked, failing to pay him at any rate of pay, let alone his regular rate of pay or his overtime rate of pay, for any hours that he worked past forty.

23. During the week of November 23, 2014, to November 29. 2014, Plaintiff worked as follows: Sunday, 7 hours; Monday, 13 hours; Tuesday, 11 hours; Wednesday, 12 hours; Thursday, 8 hours; Friday, 20 hours; and Saturday, 7 hours. Altogether, Plaintiff worked a total of seventy-eight hours during this week. Defendant, however, only paid Plaintiff at a rate that amounts to $43.90 per hour for the first forty hours that he worked, failing to pay him at any rate of pay, let alone his regular rate of pay or his overtime rate of pay, for any hours that he worked past forty.

24. These weeks are indicative of the ways in which Defendant treated and paid Plaintiff throughout his employment as a Supervisor.

25. Throughout Plaintiff's employment as a Supervisor with Defendant, Plaintiff received a salary, which was intended to only cover his first forty hours worked each week.

26. From 2009 to 2010, Defendant paid Plaintiff a bi-weekly salary of $3,126.92, which amounts to an hourly rate of $39.09.

27. From 2010 to 2011, Defendant paid Plaintiff a bi-weekly salary of $3,189.46, which amounts to an hourly rate of $39.87.

28. From 2011 to 2012, Defendant paid Plaintiff a bi-weekly salary of $3,285.15, which amounts to an hourly rate of $41.06.

29. From 2012 to 2013, Defendant paid Plaintiff a bi-weekly salary of $3,383.73, which amounts to an hourly rate of $42.30.

30. From 2013 to 2014, Defendant paid Plaintiff a bi-weekly salary of $3,443.34, which amounts to an hourly rate of $43.04.

31. From 2014 to 2015, Defendant paid Plaintiff a bi-weekly salary of $3,512.23, which amounts to an hourly rate of $43.90.

32. From 2015 to the present, Defendant paid Plaintiff a bi-weekly salary of $3,582.51, which amounts to an hourly rate of $44.78.

33. Defendant paid Plaintiff on a bi-weekly basis.

34. On those occasions when Defendant paid Plaintiff, it completely failed to furnish him with statements that accurately listed the amount of hours that he worked per week or his overtime rate of pay for each hour that he worked over forty in a given workweek.

35. Defendant treated all FLSA Plaintiffs in the manner described above.

36. Defendant acted in the manor described herein so as to maximize its profits while minimizing its labor costs.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime Under the FLSA*

37. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

39. Defendant is an employer within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

40. Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

41. Defendant willfully violated the FLSA.

42. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

43. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Unpaid Overtime Under the NYLL and the NYCCRR*

44. Plaintiff and any FLSA Plaintiff that opts in to this action repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

46. Defendant in an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff that opts in to this action are employees within the meaning of the NYLL and the NYCCRR.

47. Plaintiff and any FLSA Plaintiff that opts in to this action worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

48. Defendant willfully violated the NYLL and the NYCCRR.

49. Plaintiff and any FLSA Plaintiff that opts in to this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

50. Plaintiff and any FLSA Plaintiff that opts in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELEIF AGAINST DEFENDANT
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

51. Plaintiff and any FLSA Plaintiff that opts in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

53. Defendant is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff that opts in to this action are employees within the meaning of the NYLL and the NYCCRR.

54. Defendant willfully failed to furnish Plaintiff and any FLSA Plaintiff that opts in to this action with accurate wage statements on each payday containing the criteria required by the NYLL.

55. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff and any FLSA Plaintiff that opts in to this action in an amount up to the statutory maximum.

56. In addition, Plaintiff and any FLSA Plaintiff that opts in to this action are also entitled to attorneys' fees for Defendant's violation of NYLL § 195(3).

## DEMAND FOR A JURY TRIAL

57. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.  An order restraining Defendant from any retaliation against any individual for participating in this lawsuit in any form;

d.  Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.  All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendant's unlawful payment practices;

f.  Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g.  Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

h.  Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.  Pre-judgment and post-judgment interest, as provided by law;

j.  Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
July 14, 2015

Respectfully submitted,

**BORRELLI & ASSOCIATES, P.L.L.C.**
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248-5550
Fax. (516) 248-6027

_____
TODD DICKERSON, ESQ. (TD 1952)
ALEXANDER T. COLEMAN. ESQ (AC 1717)
MICHAEL J. BORRELLI, ESQ (MB 8533)


**WIGDOR LLP**
85 Fifth Avenue
New York, New York 10003
Tel. (212) 257-6800
Fax. (212) 257-6845

_____
DAVID GOTTLIEB, ESQ. (DG 6986)
RENAN F. VARGHESE, ESQ. (RV 3456)
DOUGLAS WIGDOR, ESQ. (DW 9737)

*Attorneys for Plaintiff*