# **SETTLEMENT AGREEMENT AND RELEASE**

The parties (hereinafter "Parties") to this Settlement Agreement and Release (hereinafter referred to as the "Agreement") are Thomas Dillon ("Dillon") and Verizon New York Inc. ("Verizon New York").

In consideration of the mutual promises contained in the Agreement, and other good and sufficient consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree to all of the following terms:

1. **Dismissal of Civil Action With Prejudice**:  By executing this Agreement, Dillon instructs Dillon's attorneys, Douglas H. Wigdor, David E. Gottlieb, and Renan F. Varghese of Wigdor LLP and Michael J. Borrelli, Alexander T. Coleman, and Michael Minkoff of Borrelli & Associates, P.L.L.C. ("Dillon's Attorneys") to take all steps necessary to obtain the dismissal with prejudice of *Dillon et al. v. Verizon New York, Inc.*, Case No. 15-cv-05517 (the "Lawsuit"). As such, upon or prior to the execution of this Agreement, the Parties shall present to the Court all appropriate papers, including the Motion for Approval and proposed Order of Dismissal with Prejudice in the forms attached hereto as Exhibit A and Exhibit B, respectively.  Dillon waives any and all rights to seek reinstatement of the Lawsuit or appellate review of any decisions, orders, or judgments entered in the Lawsuit, or the dismissal of the Lawsuit.

2. **Payment**:  Within fourteen (14) days of the Effective Date as defined in Paragraph 8, Verizon New York will pay to Dillon and Dillon's Attorneys the total amount of $28,947.80 as follows: (1) a check in the amount of $10,000, less applicable taxes and withholdings, payable to Dillon, which will be designated as unpaid wages; (2) a check in the amount of $10,000, without any withholdings, payable to Dillon designated as liquidated damages and interest; (3) a check in the amount of $2,281.14, without any withholdings, payable to Borrelli & Associates, P.L.L.C. as litigation costs; (4) a check in the amount of $3,333.33, without any withholdings, payable to Borrelli & Associates, P.L.L.C., as reasonable attorneys' fees; and (5) a check in the amount of $3,333.33, without any withholdings, payable to Wigdor LLP as reasonable attorneys' fees and costs.

Verizon New York will issue an IRS Form W-2 to Dillon for the payment designated as unpaid wages; an IRS Form 1099 to Dillon for payment designated as liquidated damages and interest; and an IRS Form 1099 to Dillon for the attorneys' fees and costs portion of this settlement.  Verizon New York will issue IRS Forms 1099 to Borrelli & Associates, P.L.L.C. and Wigdor LLP for the attorneys' fees and costs portion of this settlement.

Dillon acknowledges and agrees that the consideration to be provided to him pursuant to this Section represents monies to which he is not already entitled and that the consideration set forth herein serves as adequate consideration for his commitments in this Agreement.  In the event that it is subsequently determined by any federal, state, or local taxing authority that Dillon owes any additional taxes, it is expressly agreed that the determination of any employee tax liability, if any, is between Dillon and that taxing authority, and Verizon New York will not be responsible for the payment of such taxes, including any interest and penalties, except with respect to Verizon New York's portions of FICA and other federal employer-portion tax contributions associated with the payment set forth in this Section.

3. **Release**: As a material inducement to Verizon New York to enter into this Agreement, Dillon hereby irrevocably and unconditionally releases, acquits, and forever discharges Verizon New York and all of its parents and/or subsidiaries, as well as all of its or their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries, and/or administrators, and all persons acting by, through, under or in concert with any of them, including any party that could have been named as a defendant in the Lawsuit ("Released Parties"), from any and all claims, from the beginning of Dillon's employment through the execution of this agreement by Dillon and Verizon New York, that arise from or are based on the facts, allegations, and contentions asserted in the Lawsuit, including any claim for unpaid wages, minimum wages, overtime compensation, liquidated damages, and other related penalties under the Fair Labor Standards Act and the New York Labor Law.

4. **Release of Attorneys' Fees and Costs:** In addition, Dillon hereby irrevocably and unconditionally releases, acquits, and forever discharges any claim that he may have against the Released Parties for attorneys' fees and costs arising out of the Lawsuit, and agrees that the payments to Dillon's Attorneys set forth in Paragraph 2 of this Agreement will be the full, final and complete payment of all attorneys' fees, costs and expenses associated with Dillon's Attorneys' representation of Dillon in the Lawsuit.

5. **No Admission Of Liability**: Dillon acknowledges and agrees that the Released Parties, by providing the consideration described above and by entering into this Agreement, do not admit and have not admitted to any unlawful conduct or liability to Dillon, his heirs, executors, administrators, assigns, agents, or other representatives, or any other party. Accordingly, this Agreement shall not be admissible as evidence in any federal, state or administrative proceeding as evidence that any party has prevailed in the Lawsuit or that the Released Parties engaged in any wrongdoing, except that this Agreement may be submitted in any proceeding brought by either party alleging breach of this Agreement.

6. **No Other Claims and/or No Participation in Other Actions**: Dillon represents that, other than the Lawsuit, he has not filed any complaints, charges, or lawsuits against the Released Parties or any of them with any governmental agency or any court and that Dillon is not a participant in any such complaints, charges or lawsuits.

7. **Knowing and Voluntary Execution**: Dillon hereby represents and warrants that, prior to executing this Agreement, he has been advised to consult with counsel; he has had a reasonable opportunity to consider the terms of the Agreement; he has fully discussed its meaning and effect with his attorney; his attorney has explained to him and he fully understands the meaning and effect of each of the provisions of this Agreement; and he has entered into this Agreement voluntarily.

8. **Effective Date**: This Agreement shall become effective and enforceable on the "Effective Date," which is the day after all of the following occur: (1) Dillon executes this Agreement and returns it to counsel for Verizon New York; (2) the Parties submit their Motion for Approval, the Court approves this Agreement by entering an Order of Dismissal with Prejudice in the form attached here to as Exhibit B; and (3) and the dismissal and all judgments have become Final.

For the purposes of this Section 8, "Final" means the passage of 30 calendar days after the Court approves this Agreement by entering an Order of Dismissal with Prejudice in the form attached as Exhibit B, provided that no appeal, motion for reconsideration or rehearing, and/or an extension of time for seeking appellate review is sought within such 30 calendar days.

9. **Controlling Law**:  This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York to the extent that Federal law does not govern.  Dillon understands that any action to enforce or interpret this Agreement shall be brought only in a court of competent jurisdiction of the State of New York.

10. **No Representations**:  Dillon represents and acknowledges that, in executing this Agreement, Dillon has not relied upon any representation or statement not set forth herein made by Verizon New York or any Released Parties or any of its or their agents, representatives, or attorneys.

11. **No Waiver:**  The failure of any party to this Agreement to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions or of such party's right thereafter to enforce each and every term and condition of this Agreement.

12. **No Assignment Of Claims**:  Dillon hereby represents and warrants that he has not previously assigned or purported to assign or transfer to any person or entity any of the claims or causes of action herein released.

13. **Severability**.  Should any provision of this Agreement, except the release of claims as set forth in Paragraphs 3 and 4, be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be part of this Agreement.

14. **Counterparts**.  This Agreement may be executed in one (1) or more counterparts, each of which shall be deemed to be a duplicate original, and all of which, taken together, shall constitute a single instrument. Facsimile or electronic copies shall have the same force and effect as original signed versions of this Agreement.

15. **Entire Agreement**:  This Agreement, along with the Motion for Approval and Order of Dismissal With Prejudice attached hereto as Exhibit A and Exhibit B, respectively, embodies the complete agreement and understanding between Verizon New York and Dillon with respect to the subject matter hereof and supersedes and preempts any prior understandings, agreements or representations by or between Verizon New York and Dillon, written or oral, regarding the subject matter hereof.  The terms of this Agreement may not be modified or waived except in writing signed by both of the Parties hereto.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement, in counterpart originals or otherwise, as of the dates set forth below.

EXECUTED this 19 day of January 2017.

_____
THOMAS DILLON

EXECUTED this ___ day of _____ 2017.

VERIZON NEW YORK INC.

By:_____

Its:_____

4

IN WITNESS WHEREOF, the parties hereto have executed this Agreement, in counterpart originals or otherwise, as of the dates set forth below.

**EXECUTED** this ___ day of _____ 2017.

_____
THOMAS DILLON

**EXECUTED** this _20_ day of _January_ 2017.

VERIZON NEW YORK INC.

By: _Kathleen Tremblay_

Its: _Asst. General Counsel_

4

# EXHIBIT A

January 20, 2017

*Via Electronic Case Filing*
The Honorable Ronnie Abrams
United States District Judge for the
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *Dillon v. Verizon New York, Inc.*, Case No. 15-cv-5517

Dear Judge Abrams:

    We represent Plaintiff Thomas Dillon ("Plaintiff") in the above-captioned case, and write jointly with counsel for Verizon New York Inc. ("Verizon")[1] to seek approval of the Parties' Settlement Agreement and Release ("Settlement Agreement"), a copy of which is attached hereto as **Exhibit A**. As we informed the Court on December 5, 2016, the Parties have reached a settlement of this matter. Having now had the opportunity to formalize the agreed upon terms, and execute the Settlement Agreement, and pursuant to the Court's January 6, 2017 and January 17, 2017 Orders, the Parties submit this letter and the Settlement Agreement for judicial approval.

    I.    <u>Background</u>

    Plaintiff works as a Logistics Services Supervisor for Verizon in New York. He filed the instant litigation on July 15, 2015, asserting causes of action pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").[2] (*See* Dkt. No. 1) Specifically, he alleged that (1) he was owed overtime that he was not paid while misclassified as an exempt employee of Verizon; and (2) he was owed damages relating to Verizon's failure to furnish him with proper wage statements. (*See id.*) On August 11, 2015, Verizon filed its Answer denying Plaintiff's claims and asserting various defenses including that Plaintiff was properly classified as exempt under the highly compensated employee ("HCE"), executive and/or administrative exemptions. (*See* Dkt. No. 18)

    On May 13, 2016, after extensive discovery pertaining to these allegations, Verizon filed a motion for summary judgment arguing that Plaintiff was exempt from FLSA and NYLL overtime requirements for the years 2011 and 2013 to the present pursuant to the HCE exemption, and for all years at issue (i.e., 2009-present) pursuant to the executive and/or administrative exemptions. (*See* Dkt. No. 30) The Parties thereafter informed the Court that they were engaged in settlement

---

[1]     "Plaintiff" and "Verizon" are hereinafter referred to as the "Parties."

[2]     The resolution of Plaintiff's non-FLSA claims does not require court approval, and is thus not addressed here.

The Honorable Ronnie Abrams
January 20, 2017
Page 2

discussions. On August 24, 2016, Plaintiff submitted a memorandum in opposition to Verizon's motion for summary judgment, to which Verizon replied on September 8th. (*See* Dkt. Nos. 41, 43.) Settlement discussions continued between the Parties throughout this time, with the Parties recently agreeing upon the terms of resolving this matter. Thereafter, on January 6, 2017, this Court issued an Order instructing the Parties to submit a joint letter on or before January 13, 2017, "setting forth their views as to why their settlement is fair and reasonable and should be approved." (*See* Dkt. No. 45.) On January 17, 2017, the Court extended the deadline for filing such letter. (*See* Dkt. No. 47.)

      II.      Settlement Agreement Approval Request

The Second Circuit has held that dismissal of FLSA claims with prejudice pursuant to settlement under Fed. R. Civ. P. 41(a)(1) "requires the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House*, 796 F.3d 199, 206 (2d Cir. 2015). And "before a district court enters judgment, it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y. 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). The parties must additionally make clear that the settlement reflects the compromise of a bona fide dispute. *Id.* For the following reasons, the Settlement Agreement between the Parties meets this standard for approval.

First, the settlement between the Parties is fair and reasonable. Courts within the Second Circuit courts consider a range of factors, including whether the agreement is the product of arms-length bargaining between experienced counsel, whether the settlement will "enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses," and the seriousness of litigation risk faced by the parties. *Id.* (quoting *Medley v. Am. Cancer Soc.*, No. 10- CV 3214(BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Aponte v. Comprehensive Health Mgmt.*, No. 10 Civ. 4825 (JLC), 2010 WL 5507892, at *4 (S.D.N.Y. April 2, 2013) (internal quotation marks omitted).

In this case, Verizon's agreement to pay the Plaintiff the gross sum of $28,947.80, inclusive of attorneys' fees and costs, in resolution of his claims, is clearly a fair and reasonable result for the Parties that followed months of arms' length negotiations. In reaching this resolution, both Plaintiff - - who is represented by two firms who focus on employment law - - and Verizon weighed the strengths and weaknesses of their respective legal arguments, in light of the extensive discovery and summary judgment briefing having taken place to date, as well as the inherent risks, expense, and time that would have to be invested throughout the duration of the case at trial for any claims surviving summary judgment. In particular, Plaintiff recognized that, in light of the Court's decision in the related lawsuit styled *Haas v. Verizon New York*, No. 13-cv-8130 (the "*Haas* matter"), there was a risk that his claims would be dismissed for the years in which he earned over

The Honorable Ronnie Abrams
January 20, 2017
Page 3

$100,000.00, specifically, as Verizon contends, 2011 and 2013 through the present.  Plaintiff contends that, were that to happen, even if a jury were to award him damages for all of the overtime he had earned at a time and one-half rate of pay, his total recovery under the FLSA would be approximately $21,000.00 (or $42,000.00 including liquidated damages).  Additionally, were a jury to adopt Verizon's position that Plaintiff could only recover based on a half-time rate of pay, his damages would be reduced to approximately $7,000.00 (or $14,000.00 including liquidated damages).  Thus, the resolution of this matter for $28,947.80, represents a just and fair result for Plaintiff.  The settlement agreement is a straight-forward resolution of Plaintiff's contested claims, and the result of multiple bargaining sessions between experienced counsel.

Second, the agreement is consistent with language previously approved.  *See, e.g.*, *DeCastro v. Timeless Hospitality Group, LLC*, No. 15-cv-01374, Dkt. Nos. 55-1, 56 (S.D.N.Y. Feb. 9, 2016); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-cv-4259, Dkt. Nos. 15-1, 17 (S.D.N.Y. Apr. 22, 2016).  Among other things, Plaintiff's release is narrowly tailored, and serves to release only pre-existing wage claims. *See Flood v. Carlson Restaurants Inc*., 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015); *Lopez v. Nights of Cabiria*, LLC, 2015 WL 1455689, at *6-7 (S.D.N.Y. Mar. 30, 2015).  Further, the Agreement does not contain a confidentiality clause.  *Flood*, 2015 WL 4111668, at *1 (citing *Lopez*, 2015 WL 1455689, at *5).

Third, the settlement reflects the compromise of a bona fide dispute.  A proposed settlement resolves a bona fide dispute where the terms of the settlement reflect a "reasonable compromise over issues, such as FLSA coverage . . . that are actually in dispute."  *Lynn's Food Stores, Inc. v. Dept. of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982).  Here, the Parties engaged in several months of discovery, took multiple depositions, and fully briefed Verizon's motion for summary judgment, challenging the merits of Plaintiff's claims.  *See, e.g.*, *Santana v. Cafe Au Bon Gout, Inc*, No. 11 Civ. 9433(DLC), 2012 WL 3201403, at *2 (S.D.N.Y. Aug. 6, 2012) (bona fide dispute existed where "defendants dispute the facts put forward by the plaintiffs concerning the hours worked by the plaintiff."); *Marfak v. Peretta*, No. 10 Civ. 7785(DLC), 2011 WL 1758625, at *2 (S.D.N.Y. May 6, 2011) (bona fide dispute existed where plaintiff may be "an exempt employee under federal overtime laws.").

Finally, Plaintiff contends that the attorneys' fees and costs to be paid in this case - - $8,947.80 - - are reasonable.  They represent one-third of Plaintiff's total recovery (*i.e*., $6,666.66) as attorneys' fees, and $2,281.14 as Plaintiff's counsel's out-of-pocket litigation expenses.  When an FLSA settlement includes an allotment of attorneys' fees, the court must evaluate the reasonableness of that allotment. Courts in this Circuit routinely approve attorneys' fees awards at a rate of one-third of the total settlement. *See McDaniel v. City of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit"); *see also Cregg v. Firstservice Residential N.Y., Inc.,* Case No. 15-cv-3876-LB, Dkt. No. 14 at *4-5 (E.D.N.Y. Dec. 09, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014)

The Honorable Ronnie Abrams
January 20, 2017
Page 4

("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135, at \*3 (S.D.N.Y. Mar. 20, 2014) (collecting cases setting attorneys' fees at 33% of the settlement).

Moreover, the circumstances of this litigation, and the substantial risks therein, further support the fee award requested. Plaintiff's counsel largely litigated this case *after* receiving this Court's summary judgment decision in the *Haas* matter. Though the facts attendant to Mr. Dillon's claims in this case are somewhat distinct from those in the *Haas* matter, there was nevertheless a sizeable risk that this Court would again hold that Plaintiff was an exempt employee under the HCE exemption, making it possible, if not probable, that Plaintiff's counsel would litigate this matter only to face a *de minimis* recovery. Thus, the risk that Plaintiff's counsel would receive nothing from litigating this matter was substantially higher than in customary wage and hour litigations. That, as Plaintiff contends, his counsel was nevertheless able to successfully litigate this case and obtain a significant recovery for him only supports the quality of the work performed and counsel's entitlement to the fee requested.

Should the Court wish to conduct a lodestar cross-check to ascertain the reasonableness of the fees requested, to date, Plaintiff's counsel have billed over 384 hours on this matter at rates routinely approved by courts within this district.[3] *See, e.g., Santos v. Yellowstone Properties, Inc.*, 2016 WL 2757427, at \*4 (PAE) (S.D.N.Y. May 10, 2016) (approving rates of $400.00 per hour for Mr. Borrelli, $350.00 per hour for Mr. Coleman after becoming a partner and $325.00 per hour for him prior to becoming a partner, rates ranging from $200.00 to $300.00 for the Firm's associates, and between $75 per hour and $90 per hour for Borrelli & Associates, P.L.L.C. paralegals); *Calderon v. Dynamic Corp. Holdings, Inc.*, No 14-cv-3093 (ARL) (E.D.N.Y. Apr. 8, 2016) (same); *Rosario v. Valentine Ave. Discount Store. Co.*, No. 10-cv-5255 (ERK)(LB) (E.D.N.Y. Mar. 3, 2016) (same); *Castillo v. RV Transport, Inc.*, No. 15-cv-527 (LGS)(JCF) (S.D.N.Y. Dec. 21, 2015) (approving rates of $400.00 per hour for Mr. Borrelli, $325.00 per hour for Mr. Coleman prior to him becoming a partner, $250.00 per hour for one of the Firm's senior associates, and $100.00 per hour for the Firm's paralegals). The fees requested here, represent a small fraction of the lodestar in this case, and are also well below what courts routinely approve as reasonable. *See, e.g., Lizondro-Garcia v. Kefi LLC*, 2015 WL 4006896, at \*1-\*5 (S.D.N.Y. 2015) (approving 1.68 lodestar multiplier); *Cuthbert v. New Soldier's Rest., Inc.*, 2015 WL 1321676, at \*2 (E.D.N.Y. Mar. 24, 2015) (approving 2.5 lodestar multiplier in default judgment fee award); *Asare v. Change Group of New York, Inc.*, 2013 WL 6144764, at \*19-20 (S.D.N.Y. Nov. 18, 2013) ("Typically, courts use multipliers of 2 to 6 times the lodestar."); *Wolinsky¸* 900 F. Supp. 2d at 336 (explaining that a court may adjust the fee upward or downward from the lodestar amount based on other considerations). The Parties here settled on attorney's fees as an additional amount of one-third Plaintiff's damages over and above his individual recovery. This supports a "greater range of reasonableness" because the parties here "settled on the fee through negotiation."

---

[3]   For the sake of simplicity and brevity, Plaintiff's counsel has not attached billing records, but would be happy to provide the Court with such records upon request.

The Honorable Ronnie Abrams
January 20, 2017
Page 5

*Misiewicz v. D'Onofrio Gen. Contractors Corp.*, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010). These hours do not include the substantial hours incurred by Plaintiff's counsel in the *Haas* matter which was also useful and beneficial to Mr. Dillon in the litigation of his claims.

Regarding Plaintiff's costs, an itemized expense report is attached hereto as **Exhibit B** for the Court's review.[4]

For all of the reasons set forth above, the Parties request that the Court approve the settlement agreement as fair and reasonable and dismiss this case through entry of the enclosed Order of Dismissal With Prejudice.

Respectfully submitted,

*s/ Michael R. Minkoff*                                *s/ Matthew W. Lampe*

Michael R. Minkoff, Esq.                          Matthew W. Lampe, Esq.

cc:   All Counsel for All Parties (*via* ECF).

---

[4]   As some of the expenses listed in Exhibit B were not incurred until after the Parties reached a tentative agreement in principle to resolve this matter, and as that tentative agreement negotiated specific amounts for Plaintiff's counsel's fees and costs, Plaintiff's counsel does not seek approval for reimbursement of those additional expenses here.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **THOMAS J. DILLON, on behalf of himself, individually, and on behalf of all others similarly-situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**VERIZON NEW YORK, INC.,**<br><br>**Defendant.** | No. 15-cv-05517 (RA) (JLC) |

**ORDER OF DISMISSAL WITH PREJUDICE**

The parties having reached a settlement of this matter, and the Court having been advised, the Court determines that the terms of the settlement are a fair and reasonable resolution of a bona fide dispute of Plaintiff's claims pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and hereby approves the terms of the settlement and DISMISSES WITH PREJUDICE all of Plaintiff Thomas Dillon's claim in the above-styled lawsuit by Plaintiff Thomas Dillon.

The Court further DISMISSES WITHOUT PREJUDICE opt-in Plaintiffs Lynnette Patricia Anthony and Rosalyn William.

The period in which opt-in Plaintiffs Anthony and William may file court actions or opt-in forms under the FLSA arising out of the facts alleged in the Complaint in this case is hereby tolled, upon agreement of the parties, beginning on the date the Court enters this Order and ending 30 days thereafter.

The Court shall retain jurisdiction over this matter for purposes of enforcing the parties' settlement agreement, if necessary.

The parties shall bear their own respective attorney's fees and costs.

2

SO ORDERED this _____ day of _____, 2017.

_____
RONNIE ABRAMS
United States District Judge